Max E. Hadden, Appellee, v. Ollie L. Fifer et al., Defendants. Ollie L. Fifer, Appellant.

Gen. No. 9,656.

 Opinion

filed October 31, 1949. Modified and rehearing denied February 7, 1950.
Released for publication February 7, 1950.

E. J. HAWBAKER and ARNOLD SIEVERS, both of Monticello, for appellant.

HUTSON & HUTSON, of Monticello, for appellee.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

This case presents an appeal from a judgment rendered in the county court of Piatt county. The substance of the facts is as follows: Plaintiff appellee Hadden, hereinafter referred to as plaintiff, entered into a transaction, the existence, nature and validity of which is disputed by defendant appellant Fifer, hereinafter referred to as defendant, with the defendant for the sale to defendant of some store fixtures. Defendant gave plaintiff her check for $1,500 but stopped payment thereon before presentment to the drawee could be made. This suit for damages for stopping payment on the check resulted.

The complaint set forth the usual counts. The check was attached thereto as an exhibit. Defendant answered denying she stopped payment without justification and set up as new matter the affirmative defenses of (1) lack and total failure of consideration by the plaintiff, (2) a condition precedent to the payment for the fixtures, in that the building in which the fixtures were located was to be purchased from plaintiff's mother, which sale had never been consummated, (3) no ownership of the fixtures in question in plaintiff, (4) no written contract in compliance with the Statute of Frauds (Ill. Rev. Stat. ch. 121½, par. 4 [Jones Ill. Stats. Ann. 121.08]) and (5) lack of com-

289

pliance with the Bulk Sales Act (Ill. Rev. Stat. ch. 121½, par. 78 [Jones Ill. Stats. Ann. 121.01]).

Plaintiff thereupon moved that the above new matter be stricken and the court struck that part of (1) of the new matter alleging total failure of consideration, all of (2) and all of (3), leaving the affirmative defenses of (1) lack of consideration and (3) and (4), *supra.*

Plaintiff filed a replication. He did not reply at all to the affirmative defense of lack of consideration ((1), *supra*), but later amended to make denial thereof; as to (3) he alleged title in himself by bill of sale, and as to (4) alleged the execution and delivery of a bill of sale for himself to plaintiff, which bill of sale was attached to the replication as an exhibit.

There was a trial before a jury and at the close of plaintiff's evidence, defendant's motion for a directed verdict on the grounds that the Statute of Frauds set up in (4), *supra* had not been overcome, was denied by the court. Plaintiff in turn made motion for a directed verdict at the close of defendant's evidence, on which the ruling was reserved, and which motion was renewed at the close of all the evidence and also reserved by the court.

The jury found the issues for defendant. Plaintiff made a motion for a new trial and later for judgment notwithstanding the verdict or in arrest of judgment, and new trial.

The judgment of the court was that as a matter of law plaintiff was entitled to a directed verdict at the close of all the evidence, whereupon the court entered judgment notwithstanding the verdict for plaintiff and assessed damages at $1,568.75 and costs. The lower court did not rule on or decide plaintiff's motion for a new trial. This appeal results.

Though many complex questions of sales, negotiable instruments and evidence, and one fundamental ques-

tion of constitutional law were presented and argued by counsel, the main question before the court is the correctness of the order of the county court granting plaintiff's motion for a judgment notwithstanding the verdict and assessing plaintiff's damages.

Section 68 of the Civil Practice Act permits either party to move for a judgment notwithstanding the verdict. (Ill. Rev. Stat. 1947, ch. 110, par. 192 [Jones Ill. Stats. Ann. 104.068].) Rule 22 of this court (Ill. Rev. Stat. 1947, chap. 110, par. 259.22 [Jones Ill. Stats. Ann. 105.22]) provides that the power of the court to enter judgment notwithstanding the verdict may be exercised in all cases where, under the evidence, it would have been the duty of the court to direct a verdict without submitting the case to the jury. Rule 22 provides, further, that when a motion for a judgment notwithstanding the verdict shall be filed and submitted in any court of record in any civil cause tried before a jury, and the trial court shall enter an order granting the motion, the court shall, at the same time, pass upon and decide in the same order any motion for a new trial made by the party moving for judgment notwithstanding the verdict, and "any party who fails to file a motion for a new trial as herein provided shall be deemed to have waived the right to apply for a new trial."

██ ██ The Civil Practice Act and Rule 22 of the Supreme Court require the trial court to observe the same rules in deciding a motion for a judgment notwithstanding the verdict as are controlling in passing upon a motion for a directed verdict. The power of the court is the same in both cases, as the motions are essentially the same. (*Merlo v. Public Service Co. of Northern Illinois,* 381 Ill. 300.) The question presented by a plaintiff's motion for a directed verdict in an action at law is whether there is any evidence fairly tending to prove a defense to the cause of ac-

tion, and the court cannot weigh the evidence or consider its preponderance. (*Todd v. S. S. Kresge Co.*, 384 Ill. 524; *Hunt v. Vermilion County Children's Home*, 381 Ill. 29.)

■ ■ If defendant's evidence makes out a prima facie defense, a plaintiff's motion for judgment notwithstanding the verdict should be denied. The court, in acting upon plaintiff's motion for judgment notwithstanding the verdict in the present case, was limited to the determination of the single question whether there was any evidence to support the defense interposed.

Discussing briefly the substance of the evidence upon one important issue: whether or not the parties intended a completed sale to be consummated on Saturday, November 1, 1947, the testimony of plaintiff Hadden relating to the conduct of the parties, is that defendant signed the check in question, shoved it on the table and said it was his. This evidence, together with plaintiff's other testimony, supported plaintiff's theory of a completed sale. The testimony of defendant, however, is in direct conflict. Defendant stated that she told the plaintiff that she didn't want the fixtures unless she had a contract, and that there was to be a contract or something for the fixtures. This testimony with the reasonable inferences therefrom to be drawn in favor of the defendant, standing alone, tended to prove that there was no completed sale intended by the parties on November 1, 1947.

■ ■ The court below should either have let the jury's verdict stand, or if it thought it against the preponderance of the evidence, have allowed a new trial. If there is any evidence tending to support the defense the case must go to the jury; and if the court is of the opinion that the verdict of the jury is not sustained by a preponderance of the evidence it is his duty under the law, to set aside the verdict and award

a new trial. *Valant v. Metropolitan Life Ins. Co.,* 302 Ill. App. 196.

█ Certainly in the instant case the evidence produced reasonably tended to support the defense necessitating that the case be submitted to a jury. The question always is whether there is any evidence from which the jury may reasonably, in the eye of the law, return the verdict. *Kanne v. Metropolitan Life Ins. Co.,* 310 Ill. App. 524.

This court, in the case of *Hughes v. Bandy,* 336 Ill. App. 472, a tort action, followed the rule laid down in the case of *Merlo v. Public Service Co. of Northern Illinois, supra,* where the court said:

"Following and guided by the rules laid down by the Supreme Court in the above-quoted language used in the *Merlo* case, *supra,* the trial court in passing upon the motion should have considered that the motion presented only a question of law as to whether, when all of the evidence was considered, in its aspect most favorable to the defendant, there was a total failure or lack of evidence to prove any necessary element of the defendant's defense.

"If we assume as true the evidence most favorable to the defendant, regardless of its weight, then the defendant had a complete defense. Therefore, it is our opinion that the granting of such motion and the entry of such judgment was a wrongful exercise of judicial power and authority which, in effect, deprived the defendant of a right of trial by jury."

The entry of judgment notwithstanding the verdict in this case is in error.

██ Defendant also assigned as error the failure of the court below to pass on plaintiff's motion for new trial. In this contention defendant is correct. The trial court should have ruled on the plaintiff's motion for new trial. *Dahlberg v. Chicago City Bank & Trust Co.,* 310 Ill. App. 231; *Gordon v. Peters,* 313

293

Ill. App. 261. Since it did not, this court is without power, as a court of appellate jurisdiction, to pass on the motion for new trial. *Goodrich v. Sprague,* 376 Ill. 80; *Walaite v. Chicago, R. I. & P. Ry. Co.,* 376 Ill. 59. The case must therefore be remanded, with directions to set aside the judgment entered in favor of the plaintiff notwithstanding the verdict, and to pass upon plaintiff's motion for a new trial.

The other issues presented by counsel in briefs and arguments need not be passed on or decided in view of the above cited errors. The judgment of the county court of Piatt county is therefore reversed and remanded, with directions.

*Reversed and remanded with directions.*