George W. Biggerstaff, Appellant, v. Estate of John B. Nevin, Deceased, Appellee.

Gen. No. 9,936.

Opinion filed May 21, 1954. Released for publication June 7, 1954.

LONDRIGAN & LONDRIGAN, of Springfield, for appellant.

SEARS & STREIT, of Chicago, and BROWN, HAY & STEPHENS, and CHARLES G. BRIGGLE, JR., all of Springfield, for appellee; BARNABAS F. SEARS, and DAVID H. ARMSTRONG, both of Chicago, of counsel.

MR. JUSTICE CARROLL delivered the opinion of the court.

George W. Biggerstaff filed a claim against the estate of John B. Nevin, deceased, in the probate court of Sangamon county. Plaintiff's claim alleges in substance that decedent on or about July 30, 1947 orally agreed to pay plaintiff the sum of $15,000 in consideration of his efforts in obtaining an extension of time for payment by decedent of the purchase price under a real estate contract involving the sale of the Leland Hotel in Springfield, Illinois and in securing reopening of negotiations for said sale in the months of March and April 1947.

Objections were filed by the executor, and upon hearing the probate court disallowed the claim. On appeal to the circuit court a jury trial was had, resulting in a verdict in favor of defendant. Motions for judgment notwithstanding the verdict and for a new trial were

denied, judgment for defendant was entered, and plaintiff brings the record to this court for review.

Plaintiff's theory of the case is that the trial court erred in denying his motion for a directed verdict made at the close of all the evidence. He does not argue for a new trial, but submits that the judgment of the circuit court should be reversed and the cause remanded with directions to enter judgment for the plaintiff in the sum of $15,000. The counter-theory of the defendant is that the evidence produced by plaintiff upon the trial does not establish a prima facie case.

Determination as to whether there is merit in plaintiff's argument requires an analysis of the evidence in the record. The evidence shows that on May 1, 1947 decedent offered to purchase the Leland Hotel from Gertrude Perry, Edward S. Perry and Lucille Biggerstaff for $755,000; that the offer was accepted on May 15, 1947; that the contract of purchase provided that the sellers furnish an abstract of title within 15 days after acceptance of the offer by purchaser; that decedent have 15 days to raise objections to the title; that thereafter conveyances would be deposited in escrow and decedent would have 30 days in which to pay the balance of the purchase price; that on July 31, 1947 the contracting parties entered into a supplemental agreement which extended the time of payment by decedent to September 10, 1947. A copy of both the original contract and extension agreement are in evidence. On the trial it was stipulated between the parties that final payment under the contract was not made by decedent until December 4, 1947.

There is also in evidence a letter written by decedent to the plaintiff on August 5, 1947 which confirms a conversation between the parties, in which decedent had agreed to pay interest on the purchase price of the hotel to Mrs. Biggerstaff and Mrs. Perry from August

14 to the date of the closing of the transaction. This letter also contained the following: "It also confirms the other matters we discussed at that time."

Plaintiff's only witness was Carl H. Elshoff. He testified that he became acquainted with decedent early in 1947; that he knew plaintiff about 6 or 7 years; that decedent came into his office in August 1947 and said that Biggerstaff had been responsible in securing an extension of time which would permit him to close the deal on the Leland Hotel; that witness had a conversation with decedent in March 1948 in which decedent said he had a falling out with Biggerstaff and that he would not pay him (Biggerstaff) the $15,000 he agreed to pay him in securing the extension. The witness could not recall anything else said by decedent during these conversations.

The foregoing constitutes plaintiff's proof. The defendant offered no evidence and moved for a directed verdict in his favor. This motion was denied. A motion by plaintiff for a directed verdict was likewise denied.

The only question presented to this court for determination is whether the evidence clearly shows the right of the plaintiff to a verdict and will reasonably admit of no other conclusion.

██ Plaintiff's argument appears to be that since the defendant elected to offer no proof contradicting the plaintiff's evidence, it became the duty of the trial court to instruct the jury to return a verdict in his favor. The defect in this argument is that it overlooks the fact that the court's duty depends upon whether plaintiff by his evidence makes a prima facie case. Where the evidence is not in conflict a question of law is presented as to whether on the facts a verdict should be directed for the plaintiff. 53 *Am. Jur.* Sec. 386; *Marshall v. John Grosse Clothing Co.*, 184 Ill. 421.

■ ■ Plaintiff's claim is based upon an alleged oral contract whereby the plaintiff for a stated consideration was to perform certain services for the decedent. The burden of proving the exact terms of said contract and performance thereof rested upon plaintiff. The plaintiff's proof, so far as the oral agreement is concerned, consists of the testimony of the witness Elshoff, to which we have previously referred, as to admissions made by decedent, and the letter of August 5, 1947 from decedent to plaintiff. Since there is no direct proof in the record as to the making of the alleged agreement, the question is whether taking the testimony of Elshoff and decedent's letter in the aspect most favorable to plaintiff, it fairly tends to prove that the minds of the parties met upon the terms of the alleged agreement; that it was definite and certain in its terms, and that plaintiff performed the services required of him under such agreement. There would appear to be nothing in decedent's alleged statement of August 19, 1947 which would justify its characterization as an admission by decedent that he and Biggerstaff were parties to an agreement whereby decedent was to pay plaintiff $15,000 for securing an extension of time. The only inference that can be reasonably drawn therefrom is that decedent acknowledged that Biggerstaff had in some way been responsible for the said extension of time. Such language does not imply that Biggerstaff performed any services.

■ The testimony of Elshoff as to the March 19, 1948 conversation is that on that occasion decedent said he had a falling out with Biggerstaff, and that he would not pay the $15,000 he agreed to pay him in securing an extension. Considering this statement in the light most favorable to the plaintiff, it can only be said to be a declaration by decedent that he would not pay Biggerstaff the $15,000 that he agreed to pay him. It

467

contains nothing to indicate the reason for decedent's refusal to pay Biggerstaff. No inference can be drawn therefrom that plaintiff had performed any services under the alleged agreement. More reasonably it might infer that the refusal of decedent was because of non-performance on the part of the plaintiff.

It must not be overlooked that the plaintiff's claim is not only for services allegedly rendered in procuring the extension, but includes services of plaintiff rendered in the months of March and April 1947 in securing the reopening of negotiations for the purchase of the hotel. In neither of the so-called admissions to which Elshoff testified is there any reference to these prior services. Since according to plaintiff's claims, these services were included in the contract, the admissions of the decedent failed to clearly show with any degree of certainty the services embraced by the agreement and to be performed by plaintiff.

It appears from the record that final payment of the purchase price of the hotel was made by decedent some 3 months after the expiration of the written extension agreement. This fact would seem to create an uncertainty as to what particular extension was referred to by decedent in his conversations with Elshoff. The letter written by decedent to plaintiff throws no light upon the question as to whether a contract existed between the parties. It does not refer to any agreement for an extension of time for the closing of the hotel transaction. It does confirm "other matters" previously discussed by the decedent and plaintiff, but throws no light upon the subject matter of these prior discussions. There is no reasonable basis for assuming that such discussions pertained to a definite agreement which plaintiff claims then existed between the parties.

468

■ Since the evidence offered as proof of the oral agreement under which plaintiff seeks recovery consists entirely of alleged admissions made by a deceased person, the sufficiency thereof as proof of the alleged agreement is to be determined according to the established rules governing consideration of such admissions. In *Laurence v. Laurence,* 164 Ill. 367, the court said:

"Evidence of admissions made by a person since dead should be carefully scrutinized, and the circumstances under which they were alleged to have been made carefully considered with all the evidence in the case. Such evidence is liable to abuse."

*Moreen v. Estate of Carlson,* 365 Ill. 482 was a case in which the plaintiff sought to prove by alleged oral admissions a certain contract with the decedent. In holding the evidence insufficient to establish a contract, the court had this to say:

"Such services as the plaintiff rendered Carlson in no way interfered with her regular employment. While the record discloses that she rendered certain services it fails, on the other hand, to show with any degree of particularity the nature of services she promised to perform in return for Carlson's alleged promise to bequeath her his entire estate. The testimony of the three persons mentioned fails to show that the minds of the parties met upon anything definite and certain. Plaintiff's claim therefore rests almost wholly on the testimony of Inscho who stated that he was engaged to marry her. He was, in consequence, pecuniarily interested in a favorable disposition of the litigation. In an action to recover against an estate upon an express contract to make a testamentary provision, uncontra-

dicted testimony may be rejected if not clear and convincing. (*McKeon v. Van Slyck*, 223 N. Y. 392.)"

Plaintiff cites numerous authorities supporting the proposition that when a plaintiff makes a prima facie case and the defendant fails to offer any evidence rebutting the same, a verdict should be directed for the plaintiff. This rule as contended for applies only in cases where the plaintiff's evidence clearly shows his right to a verdict. However, where reasonable minds may disagree as to the conclusion which may legitimately be drawn from the evidence, the case should be submitted to the jury. *Trzaska v. Bigane*, 325 Ill. App. 528; *Best v. District of Columbia*, 291 U. S. 411, 78 L. Ed. 882, 54 S. Ct. 487; *Davidson v. Zorger*, 181 Ill. App. 113.

The general rule is that the testimony of an impartial or disinterested witness as to a fact, which is not of itself improbable and is not contradicted by other equally credible evidence, is to be taken as establishing such fact. However, where there are facts and circumstances appearing in evidence which naturally raise questions which reflect upon such testimony, then the aforesaid rule does not apply. *Kavanagh v. Wilson*, 70 N. Y. 177; *Poole v. First National Bank of Smyrna* (Tenn. App.), 196 S.W.2d 563. Consideration of the testimony of plaintiff's only witness together with all the other evidence in the case seems to reasonably provoke such questions. The record indicates no explanation for the very unusual conduct of decedent, who was a businessman, in going to the office of the witness, who was not acquainted with decedent prior to 1947, and volunteering the information that he had agreed to pay plaintiff $15,000 but that he would not now pay him such amount. It would also appear to be an unusual circumstance that the witness could recall

470

no part of his conversation with decedent except the statement concerning the $15,000. Why would a transaction involving such a substantial sum and relating to the contract for the sale of the hotel be kept a secret from the sellers? Any services rendered by plaintiff under the alleged oral agreement would require contact with all parties to the sale contract and they would necessarily have knowledge of the nature and extent of such services. Failure of the hotel owners to testify concerning plaintiff's services naturally prompts an inquiry as to the reason for such failure.

 With these questions suggested by the evidence, it cannot be said that it conclusively established the facts necessary for recovery under the alleged contract. We think that fair minded men may honestly differ as to the conclusions that might legitimately be drawn from plaintiff's evidence and therefore, the trial court properly submitted the case to the jury. *Turner v. Cummings*, 319 Ill. App. 225.

 In the instant case, it was not incumbent upon the defendant to undertake to contradict the testimony of plaintiff's witnesses. Failure of the defendant to do so could in no way add to the value of such testimony as evidence of the agreement sought to be established. The burden of affirmatively proving the contract rested upon the plaintiff, and as to whether plaintiff sustained such burden depends entirely upon plaintiff's evidence.

We are of the opinion that plaintiff's evidence fails of being sufficient to clearly show the making of the oral agreement in question, and that the trial court did not err in denying plaintiff's motion for a directed verdict.

The judgment of the circuit court of Sangamon county is affirmed.

*Affirmed.*