Mannie Fried et al., Respondents, *v.* Sidney Korn, Appellant.

First Department, June 7, 1955.

*John Nielsen* of counsel (*John P. Smith,* attorney), for appellant.

*Bernard Meyerson* of counsel (*Irving Klein* and *Herman E. Hoberman,* attorneys), for respondents.

BREITEL, J. Defendant automobile owner appeals from a judgment, entered on a jury verdict, in favor of plaintiffs, one, the relief driver of defendant's automobile, and the other, the relief driver's wife, who was merely a passenger. The accident occurred when a rear tire, weakened from wear, blew, causing the car to overturn, thereby injuring plaintiffs. The judgment should be modified to dismiss the complaint of plaintiff relief driver, since, as a matter of law, he was concurrently negligent.

Plaintiffs, a husband and wife, arranged with defendant to drive to Florida in defendant's automobile. All expenses of the pleasure trip, except those for personal items, were to be shared. Plaintiff husband was also to share the driving with defendant.

Prior to the trip, defendant owner took his car to a garage for inspection. He had owned the automobile, new when purchased, for over sixteen months, during which time it had been driven about 20,000 miles. He was advised that the two front tires needed to be replaced. This he did, retaining the three original tires for continued use, two in the rear and the last as a spare. These three tires were in approximately the same condition. They had no visible cuts or breaks. The garage owner testified that he had also advised replacement of the two rear tires, but, on cross-examination, he admitted that he had not told this to defendant. Rather, he had instructed one of his employees to so inform defendant, but there is no evidence that the employee did, in fact, give this advice to defendant. There is no testimony that the garage owner made more than an external inspection of the tires.

On the way south, one of the rear tires went flat. Defendant owner, plaintiff relief driver, and another person joined in the

tire change. The spare was used to replace the flat tire, which was put in the trunk of the car. Plaintiff relief driver looked at the flat tire. "It was worn down quite a bit. * * * [There was not] too much tread left. * * * It was coming down to the rubber itself." He claimed, however, not to have noticed the condition of the spare, although it was put on the car in his presence by defendant.

Without further mishap, the vacationers reached Florida. There they rode around in defendant's car. Defendant testified that the tires were inspected in Florida by a garage.

On the return trip, in South Carolina, while plaintiff relief driver was driving at forty-five miles per hour, a rear tire (the testimony does not indicate which one) blew. He slightly touched the brakes. The car jumped forward, swerved and turned over onto its roof, injuring both plaintiffs.

There was no evidence the defendant owner had actual knowledge of any defect in the rear tires. It is assumed, however, that the jury correctly found that defendant owner was negligent in failing to know from inspection that the tires, already pretty well worn, could not withstand the rigors of a long journey and continuous high-speed travel. But, from the evidence, it is clear that plaintiff relief driver was equally negligent and that his negligence concurred in causing the accident. The same duty was violated by each.

An operator of an automobile, be he the owner or the driver for a substantial distance, owes to himself and to others a duty of inspection and is negligent for failure to discover patent defects in equipment. (See e.g., *Delair* v. *McAdoo,* 324 Pa. 392; *Peterson* v. *Seattle Auto. Co.,* 149 Wash. 648; *Guile* v. *Snyder,* 165 Ark. 221; *Sothoron* v. *West,* 180 Md. 539; 60 C. J. S., Motor Vehicles, § 260; 3 Huddy on Cyclopedia of Automobile Law [9th ed.], pp. 127–128; 2 Blashfield on Cyclopedia of Automobile Law & Practice [Perm. ed.], § 821, and Liability For Defective Brakes In Borrowed Car, 7 Md. L. Rev. 92.) It is clear that the duty to inspect automobiles and similar equipment, dangerous only in use, derives not so much from ownership as from operation. This may distinguish the situation from one where the equipment is dangerous, if defective, even when not in use. (Restatement, Torts, § 300.)

Here, plaintiff relief driver knew, as far as is evident from the record, as much about the condition of the rear tires as did defendant owner. He was an operator of a machine for an extended intermittent period, over a great distance, which machine was dangerous if operated while defective. This is **not**

the case of the emergency or short-haul driver of another's automobile (cf. *Guile* v. *Snyder, supra*), who has no reasonable opportunity to ascertain even patent defects. Surely, if the brakes or the lights were not working, plaintiff relief driver could not urge that he was free from knowledge thereof or negligence. The ground for such notice or such failure in duty is equally applicable with respect to observation of the tires over a long trip. Put another way, plaintiff, as a cost-sharing relief driver, was under the same duty of inspection and care, as to patent defects, as was the owner-driver. Yet, he drove the car at a high speed for a substantial distance, on this trip of about 3,000 miles, of which two thirds had been completed at the time of the accident. Moreover, he had equal control with defendant owner over repairs, since in his testimony he conceded that, if they were necessary, he would have requested them. Under these circumstances, the facts " admit of but a single inference " (*Rague* v. *Staten Is. Coach Co.*, 288 N. Y. 206, 210) — and that is, that plaintiff driver, particularly as a relief driver who shared control over repairs, was concurrently negligent, as a matter of law, at least, as much as the owner-driver, in operating the automobile after failing to discover the patently defective tires and to remedy their condition.

Accordingly, the judgment should be modified to dismiss the complaint of plaintiff relief driver, and, otherwise, affirmed.

CALLAHAN, J. (dissenting). I dissent and vote to affirm in all respects. The jury was entitled to find that the car owner had more intimate knowledge of the condition of the tires than the operator Fried and, therefore, could find the owner negligent and Fried free from negligence.

PECK, P. J., BASTOW and RABIN, JJ., concur with BREITEL, J., CALLAHAN, J., dissents and votes to affirm in opinion.

Judgment modified so as to dismiss the complaint of the plaintiff relief driver and otherwise affirmed. Settle order on notice.