Mary Louise Johnson, Plaintiff-Appellant, v. Milan Skau, Defendant-Appellee.

Gen. No. 11,534.

Second District, Second Division.

January 9, 1962.

Givler, Meilinger, Casey & Flanders, Charles H. Atwell, all of Aurora, for appellant.

Matthews, Jordan, Dean & Suhler, of Aurora, for appellee.

WRIGHT, J.

This action was instituted in the Circuit Court of Kendall County, Illinois, by the plaintiff, Mary Louise Johnson, against the defendant, Milan Skau, to recover damages for personal injuries. The case was tried before a jury which returned a verdict in favor of the defendant. Judgment was entered on the verdict for the defendant, from which judgment plaintiff appeals.

The plaintiff was injured on the afternoon of May 23, 1956, in the automobile parking lot of the Western

Electric Company at Montgomery, Illinois, where both plaintiff and defendant were employed. The day shift at the plant had just ended and the plaintiff and two lady companions were walking across the company parking lot toward the automobile in which they rode to and from work. There were a large number of employees leaving the plant in their automobiles and a large number of employees were walking across the parking lot to their respective automobiles. The plaintiff walked behind defendant's automobile and was struck while the defendant was in the process of backing his automobile out of a parking space.

It appears from the photographs admitted in evidence that the parking lot was rather large. Automobiles were parked in several double rows and in one single row against a fence. There were no designated routes for persons to walk to their automobiles in the parking lot and there were no marked crossings for pedestrians. It appears from the record that the employees were free to walk anywhere in the parking lot when going to their automobiles. In walking near the double rows of automobiles, they were at liberty to walk behind them or in front of them.

The evidence is conflicting as to the exact position in the parking lot where defendant's automobile was parked. The plaintiff, by her evidence, placed the defendant's automobile in the same line as the automobile in which she rode to work, which was in the single row up against the fence. The defendant testified that his automobile was parked in the last double row of parked automobiles headed toward the fence but not against the fence, and a passenger in defendant's automobile placed it in still another position. However, the evidence discloses without question that defendant's automobile could not be driven forward but had to be backed up to get in a position to go forward in order to leave the parking lot.

The plaintiff was walking from the right and toward the rear of defendant's automobile facing traffic coming out of the parking lot which was moving from defendant's left and rear. Defendant testified that before backing he had looked to the left and rear for a "break" in traffic and to the right and rear for pedestrians and that he never saw the plaintiff until after the accident. Defendant waited for a "break" in traffic, for about two or three minutes before backing out. He stated his motor was running and he had his automatic transmission in "park". Plaintiff stated she wouldn't say if the motor was running or was still. At the moment traffic to the left and rear of defendant was clear, defendant put his automobile in "reverse" and backed out. Plaintiff testified that she was about 4 to 8 feet from defendant's automobile when she first noticed it and that she was watching the oncoming traffic and also watching defendant's automobile. The two ladies with the plaintiff were not called and did not testify in the case.

The plaintiff testified that the defendant backed out "real fast". Defendant and his passenger testified that the automobile was backed very slowly and had moved backwards a short distance, not more than a foot, at the time plaintiff was struck. The evidence is conflicting as to whether or not defendant got out of his automobile after the occurrence. Plaintiff testified that the defendant got out of his automobile and came to the rear of it and talked with her. Defendant and his passenger both testified that after the accident, defendant did not get out of his automobile but that plaintiff walked to the window of the automobile, had a few words with the defendant and then walked away with her two lady companions.

It is the theory and contention of the plaintiff that the defendant was guilty of negligence as a matter

of law and that the plaintiff was free from contributory negligence as a matter of law. Plaintiff, therefore, argues that the trial court erred in refusing to direct a verdict for the plaintiff at the close of all the evidence, and in refusing after verdict to enter judgment for the plaintiff notwithstanding the verdict. The plaintiff further argues, in the alternative, that the verdict in favor of the defendant is against the manifest weight of the evidence and the trial court erred in refusing plaintiff's motion for a new trial.

■ ■ A verdict may be directed for a plaintiff in a proper case. Nutwood Drainage & Levee District v. Mamer, 10 Ill2d 101, 139 NE2d 247. If plaintiff, at the close of all of the evidence moves for a directed verdict, the trial court must consider all of the evidence in its aspect most favorable to the defendant, together with all reasonable inferences to be drawn therefrom, and if when so considered, there is any evidence standing alone and considered to be true, together with the inferences that may legitimately be drawn therefrom which fairly tends to support the defendant's defense, the court should not direct a verdict in favor of the plaintiff.

■ The duty of the trial court in passing on motions for judgment notwithstanding the verdict is precisely the same as that which governs in passing on motions for a directed verdict. Nutwood Drainage & Levee District v. Mamer, supra.

The evidence in its aspect most favorable to the defendant indicated that his automobile was backed one foot or less at the time plaintiff was struck. The plaintiff knew that the defendant was in his automobile, that he could not drive forward and would have to back out of his parking space. It would, therefore, follow that plaintiff was walking very close to the rear of automobiles which could be expected to back up. The evidence and photographs indicate that there

284

were other ways that plaintiff could walk to her automobile without walking immediately behind the automobile of the defendant. The jury could have well believed that plaintiff was watching approaching traffic coming toward her rather than defendant's automobile. Can all reasonable minds agree that the plaintiff, as a matter of law, was in the exercise of due care for her own safety? The apparent fact that fair minded men might reach different conclusions upon this question emphasizes the appropriateness and necessity of leaving this question to the jury. In the case now before us, to withdraw this question from the jury is to usurp its function.

 The issues of negligence and contributory negligence ordinarily and pre-eminently present questions of fact for a jury to decide. Ney v. Yellow Cab Co., 2 Ill2d 74, 117 NE2d 74. The focal point of judicial review is the reasonableness of the particular inference or conclusion drawn by the jury. It is the jury, not the court, which is the fact-finding body. It weighs the contradictory evidence and inferences, judges the credibility of witnesses, and draws the ultimate conclusion as to the facts. The very essence of its function is to select from among conflicting inferences and conclusions that which it considers most reasonable. That conclusion, whether it relates to negligence, contributory negligence, causation or any other material factual matter, cannot be ignored. Courts are not free to reweigh the evidence and set aside the jury verdict merely because the jury could have drawn different inferences or conclusions or because judges feel that other results are more reasonable. Paul Harris Furniture Company v. Morse, 10 Ill2d 28, 139 NE2d 275. The question of contributory negligence of a pedestrian is one which is pre-eminently for the consideration of a jury. Moran v. Gatz, 390 Ill 478, 62 NE2d 443.

285

■ A careful study of the record and exhibits before us lead us to the conclusion that the trial court properly refused to direct a verdict for the plaintiff and rightfully denied plaintiff's motion for judgment notwithstanding the verdict. Likewise, the verdict of the jury is not against the manifest weight of the evidence and the trial court did not commit error in refusing plaintiff's motion for new trial.

The judgment of the Circuit Court of Kendall County is affirmed.

Affirmed.

SPIVEY, P. J. and CROW, J., concur.