Leonard Griffin, a Minor, by His Parent and Next Friend, Hannah Griffin, Plaintiffs-Appellants, v. Board of Education of the City of Chicago, a Body Politic, Defendant-Appellee.

Gen. No. 48,698.

First District, Third Division.
October 24, 1962.

H. P. Hutul, of Chicago, for appellants.

Hinshaw, Culbertson, Moelmann & Hoban, of Chicago (Oswell G. Treadway, of counsel), for appellee.

MR. PRESIDING JUSTICE DEMPSEY delivered the opinion of the court.

Leonard Griffin, a student at the Fiske Public School, a school maintained by the Board of Education of the City of Chicago, was injured June 9, 1960,

while playing upon apparatus in the school's play- ground. In his amended complaint he prayed for judgment in the amount of $50,000 and pleaded that the defendant had nonpublic trust funds available and was covered by insurance in excess of the ad damnum.

The defendant moved to strike the amended complaint on the ground that recovery was sought for an amount in excess of that allowed by statute. (Ill Rev Stats, 1959, c 122, § 825.) The motion was sustained and the following order was entered:

> "This Cause coming on to be heard on Motion of the Defendant to Strike and Dismiss the Amended Complaint, due notice given, the Court being advised,

> "IT IS HEREBY ORDERED that the Amended Complaint is hereby stricken and dismissed. The Court sees no just reason to delay Appeal of this Order."

The plaintiff appealed and the defendant has moved to dismiss for the reason that the order is not final. Ill Rev Stats (1961) c 110, § 77(1).

The last sentence in the order: "The Court sees no just reason to delay Appeal of this Order" is superfluous. Such an express finding makes an order final and appealable only in those cases involving multiple parties or claims for relief, and where an order, decree or judgment is entered as to one or more but fewer than all of the parties or claims. Ill Rev Stats (1961) c 110, § 50(2). This case is against one defendant and for one claim.

Illinois decisions uniformly hold that an order such as the one in question is not final inasmuch as it does not bar another suit for the same cause of action and does not dispose of the rights of the parties. In Chicago Portrait Co. v. Chicago Crayon Co., 217 Ill 200, 75 NE 473 (1905), the trial court sustained the general demurrer of the defendant to the declaration

80

and the plaintiff elected to stand by the declaration and appealed. The Supreme Court said:

> "The circuit court merely sustained a demurrer to the declaration, and neither adjudged that the plaintiff take nothing by the writ or that the defendant go hence without day, and the judgment contained no words of equivalent meaning. There was no trial of any issue resulting in a finding for the defendant, as there was no issue to be tried and there was nothing in the nature of a determination of the rights of the parties. Such a judgment is not final."

The order in Prange v. City of Marion, 297 Ill App 353, 17 NE2d 616 (1938), provided that certain parts of the complaint be dismissed. The plaintiff appealed from the portion of the order sustaining the motion to strike and to dismiss. The court held that the order complained of was not final. It said:

> "It [the order] did not, in respect to those dismissed, adjudge that as to those, plaintiffs take nothing, nor that so far as they were concerned, defendant go hence without day; neither did it contain words or phrases of equivalent import, hence within the rule of the cited authorities did not dispose of the rights of the parties respecting such dismissed paragraphs."

The same conclusion was reached in Board of Education of Grant Community High School Dist. No. 121 v. Board of Education of Richmond-Burton Community High School Dist. No. 157, 301 Ill App 228, 22 NE2d 400 (1939):

> "Where a motion to dismiss a complaint, which is in the nature of a demurrer, is sustained, for such ruling to become final, a judgment should be entered for the defendant to the effect that

81

the plaintiff take nothing by virtue of such action and that the defendant go hence without day, or words of similar import and meaning."

In Aetna Plywood & Veneer Co. v. Robineau, 336 Ill App 339, 83 NE2d 896 (1949), one of the orders reviewed found that the complaint was insufficient in law to sustain the plaintiff's action and dismissed the complaint "at plaintiff's costs." The Appellate Court said:

"We find that neither order from which plaintiff appeals is a final judgment order or decree within the meaning of sec 77 of the Civil Practice Act."

In Thompson v. Contreras, 340 Ill App 527, 92 NE2d 340 (1950), the order from which the plaintiff appealed dismissed the complaint and fixed the appeal bond at $100. The court said:

"This order does not adjudge that plaintiff take nothing by his suit or words of equivalent meaning and therefore is not final and not appealable. [Citation.] This court has therefore no jurisdiction and the appeal is hereby dismissed at plaintiff's costs."

The question again came before the Appellate Court in Johnson v. City of Rockford, 26 Ill App2d 133, 169 NE2d 534 (1960). The court stated:

"Where the order merely sustains defendant's motion to strike complaint without stating more, such order is not a final appealable order, the appeal therefrom must be dismissed, even though the question of jurisdiction is not raised by the parties."

The order in this case does not differ in any material respect from those in the cases cited. It is not

a final order from which an appeal lies and the defendant's motion to dismiss is therefore granted.

Appeal dismissed.

SCHWARTZ and McCORMICK, JJ., concur.