**Marlene H. Martino, Administratrix of the Estate of Herbert L. Hazen, Jr., Deceased, and Marlene H. Martino, Administratrix of the Estate of Josephine F. Hazen, Deceased, and Iola Saunders, Administratrix cum testamento annexo of the Estate of Charlotte D. Thacker, Deceased, Plaintiffs-Appellees, v. Ned Thomas Barra, Leon B. Stilley Construction Company, Leon B. Stilley, Anton Halmel, Cities Service Oil Company, and Mt. Vernon Tire Service Corporation, Defendants, Ned Thomas Barra and Mt. Vernon Tire Service Corporation, Defendants-Appellants.**

**Anton Halmel and Cities Service Oil Company, Counter-Plaintiffs-Appellees, v. Ned Thomas Barra, Leon B. Stilley Construction Company, Leon B. Stilley and Mt. Vernon Tire Service Corporation, Counter-Defendants, Ned Thomas Barra and Mt. Vernon Tire Service Corporation, Counter-Defendants-Appellants.**

**Gen. No. 49,738.**

First District, Second Division.

October 5, 1965.

Supplemental opinion March 18, 1966.

Hinshaw, Culbertson, Moelmann & Hoban, of Chicago (Oswell G. Treadway, of counsel), for Ned Thomas Barra, appellant; Patrick J. Muldowney, of Chicago, for Mt. Vernon Tire Service Corporation, appellant.

James A. Dooley, of Chicago, for plaintiff-appellees; Nat. P. Ozmon, of Chicago, for Anton Halmel, counter-plaintiff-appellee; Kirkland, Ellis, Hodson, Chaffetz & Masters, of Chicago (Charles M. Rush and John M. O'Connor, Jr., of counsel), for Cities Service Oil Company, counter-plaintiff-appellee.

MR. PRESIDING JUSTICE BURKE delivered the opinion of the court.

This action was brought to recover damages for the wrongful deaths of Herbert Hazen, Jr., Josephine Hazen and Charlotte Thacker, resulting from an automobile-truck collision near Mt. Vernon, Illinois.

Named as defendants were Leon B. Stilley and the Leon B. Stilley Construction Company, owners of a concrete mixer truck; Ned Thomas Barra, driver of the concrete mixer truck; Cities Service Oil Company, owner of a tractor-trailer; Anton Halmel, driver of the tractor-trailer; Mt. Vernon Tire Service Corporation; and Stanley V. Koziara, owner of the Mt. Vernon Tire Service Corporation. Defendants Halmel and Cities Service Oil Company cross-claimed against the other defendants for personal injuries to Halmel and for property damage to the Cities Service tractor-trailer. The jury returned a verdict for all the defendants and against the plaintiffs, and judgment was entered thereon. No verdict was specifically rendered on the cross-claims of Halmel and Cities Service.

Post-trial motions were filed by the plaintiffs for judgment notwithstanding the verdict and for a new trial on the question of damages. Cross-claimants Halmel and Cities Service filed post-trial motions, Halmel requesting a directed verdict on his cross-claim and a new trial on the question of damages, and Cities Service requesting judgment in its favor on its cross-claim in the amount of $3,000, which amount was agreed by all the parties to be the amount of damages to the tractor-trailer. Cross-defendant Mt. Vernon Tire filed a post-trial motion for judgment in its favor and against plaintiffs and cross-claimants, consistent with the jury's verdict. Cross-defendants Barra and Stilley likewise filed motions for judgment in their favor and against plaintiffs and cross-claimants.

Plaintiffs' motion was sustained as to defendants Barra and Mt. Vernon, and a new trial on the question of damages was granted; the motion was denied as to the other defendants. Cross-claimant Halmel's motion was sustained as to Barra and Mt. Vernon, and a new trial on the question of damages was granted. Cross-claimant Cities Service's motion was sustained as to Barra and Mt. Vernon, and judgment entered in the amount of $3,000. It is from these judgments that Ned Thomas Barra and Mt. Vernon Tire Service Corporation bring this appeal.

Route 37 is a two-lane highway running north and south through Mt. Vernon, Illinois. The accident involved here occurred about 2:00 p. m. on August 26, 1958, some one and one-half miles to the north of the city. The Cities Service tractor-trailer, driven by Anton Halmel, was proceeding northerly on Route 37, followed some 500 feet behind by an automobile driven by Phillip Lenseler. Proceeding in a southerly direction and to the north of the tractor-trailer was the Stilley Construction concrete mixer truck driven by Ned Thomas Barra, followed by the automobile in which the decedents were riding, an undetermined distance behind the mixer truck. It was undisputed that all the vehicles were in their proper lanes and traveling within the posted speed limit, and that the day was sunny and the road surface in good physical condition. As the concrete mixer truck and the tractor-trailer got to within 60 feet of each other, the two left rear dual wheels of the mixer truck rolled off the axle and continued to roll in a southerly direction down the highway. The left rear side of the mixer truck fell to the pavement, but Barra was able to keep the truck in its own lane until he maneuvered it to a stop on the southbound shoulder of the highway.

One of the dual wheels proceeded directly down the center of the road and passed the automobile driven by Lenseler. The other wheel crossed into the northbound

lane of traffic, directly in front of the tractor-trailer. In an attempt to avoid colliding with the wheel, Halmel testified that he applied his brakes immediately and attempted to turn his truck to the right. He stated that the wheel struck the front of the truck, throwing him against the windshield, and thereafter did not remember anything until he was told to enter an ambulance after the accident. The tractor-trailer cab swerved into the southbound lane, and the rear of the truck jackknifed across the southbound lane onto the shoulder of the road. The decedents' automobile struck the tractor-trailer resulting in their deaths.

The record shows that in June of 1958, Mr. Fred Curl of the Nelson Concrete Culvert Company, which was not made a party to this action, inquired of Mr. Stilley concerning the possibility of renting one of Stilley's mixer trucks. It appears that two concrete mixer trucks were leased on a monthly rental, Nelson Concrete to care for their maintenance and repair. At the time of the conversation, Mr. Curl inquired whether Stilley had any drivers available who were familiar with the operation of the mixer trucks. Stilley recommended Ned Thomas Barra, who was not then in the Stilley employ, but who had been employed by Stilley until Stilley ran out of work in the spring of 1958.

The concrete mixer truck involved in the accident was driven by Howard Rector, a Nelson Concrete employee, until August 25th, while Barra drove the other mixer truck. On August 11th, Rector's truck developed a flat on the outside left rear dual tire. Mt. Vernon Tire Service Corporation was employed by Nelson Concrete to repair the tire, and Mt. Vernon Tire sent its serviceman, Alvie Joe Burke, to make the repair. Burke testified that he removed the entire wheel, replaced the tire, reinflated it and replaced the wheel by the use of a hand wrench and a cheater bar, which he stated was used for leverage. Burke further testified that the nuts which hold the

wheel onto the wheel drum are lock nuts, and that once the nut is on tight, it cannot come off. Burke stated that after he let the mixer truck to the ground he used the cheater bar to make sure the nuts were on tight, informed Rector that the tire was repaired, and Rector looked at the tire.

Rector testified he operated the truck every day after August 11th until August 25th, sometimes two and three times a day. He stated that the truck operated normally, and that he noticed nothing unusual about the performance of the left rear wheels.

Barra's truck broke down on August 25th, and when he appeared for work on the 26th he was told to use the truck previously used by Rector, since Barra was more familiar with its operation than was Rector. Barra inspected the oil and motors of the truck, the air pressure in the tires, and sprayed the metal parts of the truck with paraffin, all of which was customary procedure for the truck drivers employed by Nelson Concrete. Walter Goddard, plant superintendent at Nelson Concrete, testified that the Nelson drivers were not required to check the mechanical parts of the trucks, other than to see that the truck operated. About noon on the 26th Barra was ordered to deliver a load of concrete to a job site and was returning from the site when the accident occurred.

Officer Lee Lyons of the Illinois State Highway Police, called to the scene of the accident, testified he inspected the left rear wheel drum of the mixer truck after the accident and found the lugs which support the wheel to be partially stripped. The officer also stated he examined some tire marks to the north of the point of impact and found them to be of a wobbly, hit-and-miss nature, but he could not say whether they were caused by any vehicle involved in the accident. Barra testified he also inspected the threads on the wheel lugs immediately after the accident and found them to be in fair condition. Melvin Donoho, a body shop foreman for the Homan

Motor Company where the mixer truck was sent by Nelson Concrete for repairs after the accident, stated that the lugs were not stripped; two of the ten lugs on the wheel drum were bent and had to be replaced, Donoho stating that they were bent after the wheels had rolled off. Officer Lyons and Barra testifed that the lug nuts which held the wheels onto the wheel drum were never found.

The trial judge was of the opinion that the evidence clearly showed Mt. Vernon Tire liable, for the reason that they repaired and replaced the wheel on the left rear of the truck, and if it had been properly replaced, it would never have come off. He was further of the opinion that the evidence clearly showed Ned Thomas Barra liable, for the reason that he failed to properly inspect the mixer truck before operating it on the highway and for the reason it was Barra's duty to locate defects in the truck. The record does not clearly show liability on the parts of Ned Thomas Barra and Mt. Vernon Tire Service Corporation.

Defendant Barra maintains that, on all the evidence, the jury found he properly discharged whatever duty of inspection he had, that plaintiffs failed to prove he failed to discharge his duty to inspect, and that the trial court improperly rendered judgment for plaintiffs and cross-claimants against him. Defendant Mt. Vernon Tire maintains the trial court improperly rendered judgment for plaintiffs and cross-claimants since there is evidence in the record upon which the jury could reasonably have found Mt. Vernon not guilty.

With respect to defendant Barra, the operator of a vehicle has a duty to make a reasonable inspection thereof before operating the vehicle on the highways. Fried v. Korn, 286 App Div 107, 141 NYS2d 529, 531; 8 Am Jur2d, Automobiles and Highway Traffic, § 699. What constitutes a reasonable inspection and whether the duty has been breached is primarily for the jury to deter-

mine. Johnson v. Skau, 33 Ill App2d 280, 285, 179 NE2d 40.

Where a party receiving an adverse verdict seeks a judgment notwithstanding the verdict, it is the duty of the trial court to consider all of the evidence in the case most favorably to the party against whom the motion is directed, and if there is evidence in the record upon which reasonable minds could disagree, the motion should be denied. Biggerstaff v. Estate of Nevin, 2 Ill App2d 462, 119 NE2d 826; Hadden v. Fifer, 339 Ill App 287, 291, 89 NE2d 854; Palmer v. Poynter, 24 Ill App2d 68, 71, 163 NE2d 851. On all of the evidence the jury could reasonably have found that defendant Barra made a reasonable inspection of the concrete mixer truck on the day of the accident.

The evidence strongly indicates that Nelson Concrete assumed responsibility for the repair and maintenance of the two Stilley mixer trucks. The Nelson Concrete superintendent stated that the Nelson drivers were not required to inspect the mechanical parts of the truck, but merely to see that the truck operated. There is no evidence that Barra, or any other Nelson driver, ever inspected the mechanical parts of the trucks other than the motors to see that they were functioning properly. Nelson Concrete employed their own mechanic for this purpose, and further employed two outside agencies to make major repairs, and an outside agency to make tire repairs. The evidence in the record shows no more than that the left rear dual wheels came off the mixer truck and in no way shows that they fell off due to the breach of any duty on Barra's part to inspect.

The cases cited by plaintiffs in support of their position that the owner or operator of a vehicle must make, or cause to have made, a thorough inspection of the vehicle are inapposite for the reason that they deal with privately owned vehicles, or situations where the operator otherwise assumes the duty to inspect. None of

plaintiffs' cases deal with the specific question involved here, namely, the extent of the inspection of mechanical parts to be made by an employee of his employer's vehicle where the employer has assumed the burden of making such inspection. (See Fried v. Korn, 286 App Div 107, 141 NYS2d 529; Delair v. McAdoo, 324 Pa 392, 188 A 181; Scarborough v. Aeroservice, Inc., 155 Neb 749, 53 NW2d 902; Petersen v. Seattle Automobile Co., Inc., 149 Wash 648, 271 P 1001; Dostie v. Lewiston Crushed Stone Co., 136 Me 284, 8 A2d 393; Lonergan v. American Ry. Exp. Co., 250 Mass 30, 144 NE 756; Dowden v. Jefferson Ins. Co., 153 So2d 162 (La App, 1963); McLaughlin v. Lasater, 129 Cal App2d 432, 277 P2d 41.) To hold a driver-employee to the same degree of duty of inspection of his employer's vehicle which is required of the employer himself is unreasonable, for, when extended to its natural bounds, such duty would be required of the operators of commercial busses, railroad trains, airplanes, and the like.

With respect to the Mt. Vernon Tire Service Corporation, the lapse of the fifteen days between the day the tire was repaired and the day of the accident, and the continued use and control of the mixer truck by Nelson Concrete during that period created a question for the jury. It does not follow that, merely because Mt. Vernon Tire replaced the left rear dual tire, it was Mt. Vernon's fault that the wheels came off the truck. The only evidence before the jury was that the wheel was replaced on August 11th in the usual and customary manner and that the tightness of the nuts on the lugs was rechecked by use of a cheater bar after the truck was lowered to the ground. Furthermore, there was testimony to the effect that, if the wheel had been improperly mounted, it would have come off within a matter of hours, or, at the most, one or two days. The holding that Mt. Vernon Tire Service Corporation was liable as

a matter of law was erroneous since the jury could reasonably have concluded differently.

Plaintiffs support the trial judge's action in rendering the judgments notwithstanding the verdict, with the position that, since plaintiffs made out a prima facie case for the liability on the parts of Barra and Mt. Vernon Tire, and since these defendants offered nothing in their defense, it was proper to take the case from the jury. The record does not support this argument. Barra offered evidence tending to show that he exercised his duty to inspect, and that the Nelson Concrete Culvert Company, not made a party to this action, had the duty to make the inspection of the mechanical parts of the trucks. Mt. Vernon Tire offered evidence that the wheel was properly mounted and the nuts rechecked for tightness, and that Nelson Concrete used and operated the mixer truck for fifteen days before the wheels came off.

Finally, the trial court should have entered judgment for the cross-defendants and against the cross-claimants on the cross-claims. While it is true the jury rendered a general verdict "for all the defendants and against the plaintiffs," the finding for all the defendants would include the cross-defendants on the cross-claims. If no liability was found by the jury on the part of Barra and on the part of Mt. Vernon Tire as to the original plaintiffs, with respect to the coming off of the wheels, there could be no liability on their parts as to the cross-claimants with respect to the coming off of the wheels. See Kinney v. Kraml Dairy, Inc., 20 Ill App2d 531, 540, 156 NE2d 623.

The judgment of March 6, 1964, against both appellants is reversed and the cause is remanded with directions to enter judgment on the verdict in favor of these appellants and against plaintiffs and counterplaintiffs.

Judgment reversed and cause remanded with directions.

BRYANT and LYONS, JJ., concur.

## Supplemental Opinion on Motions to Dismiss and on Rehearing

MR. JUSTICE BURKE delivered the supplemental opinion of the court.

The opinion in this cause was filed on October 5, 1965, reversing a judgment notwithstanding the verdict and an order for a new trial on damages entered against appellants Ned Thomas Barra and Mount Vernon Tire Service Corporation, and remanding the cause with directions to enter judgment on the verdict for said appellants and against appellees, Marlene H. Martino, administratrix, Iola Saunders, administratrix, Anton Halmel, and Cities Service Oil Company.

Appellees thereafter filed "motions to expunge the orders entered" by this court. Although designated as "motions to expunge," these motions are in reality motions to dismiss the appeal, which are normally filed immediately after the notice of appeal is filed, and before an appellant incurs costs in connection with the filing of his brief and abstract. Appellees also filed petitions for a rehearing.

The basis of the "motions to expunge" is that this court cannot entertain the appeal because appellants took a direct appeal from the trial court's order, which was not final and appealable, rather than proceeding by way of a petition for leave to appeal as required in cases involving the granting of new trials, as set out in Supreme Court Rule 30. The original briefs of the appellees did not call our attention to this procedural question.

Section 68.1(2) of the Civil Practice Act requires that a post-trial motion must "state the relief desired." Ill Rev Stats 1965, chap 110, par 68.1(2). Section 68.2 recites that the court shall impanel a jury, where not waived, for the purpose of assessing damages if the ruling on the post-trial motion is in favor of the party entitled to recover damages and if there is no verdict

assessing damages. Appellees' post-trial motions requested, and the trial court granted, "judgment notwithstanding the verdict" against the appellants and a new trial as to damages. This, however, is a misnomer with regard to that part of the order concerning appellees Martino, Saunders, and Halmel. The trial court, as to said appellees, rendered a *finding* on liability notwithstanding the verdict and granted a trial as to damages. A "judgment" could not have been granted because damages had not been assessed. A "new trial" on damages could not have been ordered because the jury, by finding no liability in the first instance, did not consider the question of damages. The relief requested and the relief granted did substantially conform to sections 68.1 (2) and 68.2 of the Civil Practice Act. Appellees Martino, Saunders and Halmel's motions for a new trial on the issue of damages only were not in fact motions for a new trial because there had been no trial on the issue of damages. These motions were incidental to the motions for a finding notwithstanding the verdict in favor of these appellees as contemplated by sections 68.1(2) and 68.2 of the Civil Practice Act.

The trial court's order incorporated a recital under section 50(2) of the Civil Practice Act that there was no just reason to delay enforcement or appeal of the order. Ill Rev Stats 1965, chap 110, par 50(2). This recital, however, did not render the order final and appealable as to appellees Martino, Saunders and Halmel, against whom the order was not in fact final and appealable since a trial was ordered on the question of damages. Under section 50(2) there is no right of appeal in favor of any party against whom no final judgment, order or decree has been entered. See Davis v. Childers, 33 Ill 2d 297, 211 NE2d 364; Central Wisconsin Motor Transp. Co. v. Levin, 66 Ill App2d 383, 214 NE2d 776; Griffin v. Board of Education of Chicago, 38 Ill App2d 79, 186 NE2d 367. Since there was no final judgment as to

appellees Martino, Saunders and Halmel, there was no appealable order entered by the trial court to give this court the authority to entertain a direct appeal as to these appellees. The appeal against Martino, Saunders and Halmel must therefore be dismissed.

As to the appellee Cities Service Oil Company the order of the trial court is final and appealable, for the reason that damages were stipulated in the amount of $3,000 and a judgment entered thereon. Appellants Barra and Mount Vernon could have taken, and did in fact take, a direct appeal from this part of the order. The order further contained a recital that there was no just reason to delay enforcement or appeal, required under section 50(2) of the Civil Practice Act in cases involving multiple parties or multiple claims where a final order, judgment or decree is entered as to one or more but fewer than all of the parties or claims in order to appeal therefrom. Ill Rev Stats 1965, chap 110, par 50(2). The Cities Service Oil Company is therefore not entitled to a dismissal of the appeal against it.

The Cities Service Oil Company, in its petition for rehearing, has adopted the arguments contained in the alternative petition for rehearing of appellees Martino and Saunders. The matter relating to the right of this court to entertain the appeal has been dealt with above.

The contention is made that the decision of this court violates the general principles of the doctrine of respondeat superior, in that a corporation can act only through its employees or agents and that a corporation may be held liable for the acts of its employees or agents even if such acts are unknown to the corporate officers. The argument is made that the Nelson Concrete Company could act only through its employee, Barra, and for this reason Barra must be held liable. It is further argued that "the concept that there could have been another employee negligent in no wise exculpates [Barra]." It is difficult to follow this reasoning in view of

the fact that evidence was offered that Barra, as a Nelson Concrete truck driver, was not responsible for the maintenance and inspection of the mechanical parts of his truck. If an employer places a certain duty upon one employee and not upon another, the latter employee clearly cannot be charged with the breach of that duty by the former employee, even though the employer may be charged with liability for the breach. There was no showing Nelson Concrete placed any duty with regard to maintenance and inspection of the mechanical parts of the truck upon Barra, nor that Barra voluntarily assumed such burden, and the jury so found; rather, the evidence shows that Nelson Concrete itself assumed that burden. The argument advanced with regard to the doctrine of respondeat superior revolves around the basic concept of responsibility of an employer for the acts of his employee. Whether the doctrine could have been invoked against Nelson Concrete, had it been made a party to this action, need not be considered for the reason that appellant Barra was not shown to be the employee responsible for the inspection and maintenance of the mechanical parts of the truck. Consequently, merely because the jury could have found Nelson Concrete liable under the doctrine of respondeat superior does not necessarily mean that the appellant Barra is the employee from whom this liability would stem.

The argument is raised that, under the doctrine of res ipsa loquitur, the evidence shows there is liability on someone and consequently someone should be held liable. As stated in our original opinion, neither Barra nor Mount Vernon was shown to have violated the specific duty with which they were charged so as to be held liable. Rather, the evidence showed that Nelson Concrete assumed the duty to inspect and maintain the mechanical parts of the truck, which might have given rise to the application of the doctrine of res ipsa

loquitur, but Nelson Concrete was not made a party to the action. Furthermore, while it is true, as contended, that the inclusion of a specific charge of negligence does not preclude a finding of liability under a general charge of negligence (Goertz v. Chicago & N. W. Ry. Co., 19 Ill App2d 261, 153 NE2d 486), the complaint and cross-complaint contained no general charge of negligence upon which a finding of liability under the doctrine of res ipsa loquitur could be predicated, nor were any instructions submitted to the jury with regard to a general charge of negligence. The law as cited is correct, but the circumstances of this case do not permit its application. It should also be pointed out that this matter was not raised in the pleadings or in the trial court, and consequently cannot be raised for the first time on appeal. Benson v. Isaacs, 22 Ill2d 606, 609, 610, 177 NE 2d 209.

We adhere to our original opinion as to the appellee Cities Service Oil Company.

The appeal is dismissed as to appellees Martino, Saunders and Halmel, and the judgment for Cities Service Oil Company is reversed and the cause remanded with directions to enter judgment in favor of appellants Barra and Mount Vernon and against appellee Cities Service Oil Company.

Appeal dismissed as to appellees Martino, Saunders and Halmel and judgment for Cities Service Oil Company reversed and cause remanded with directions.

BRYANT, P. J. and LYONS, J., concur.