Herschel Wilson, Appellee, v. Glens Falls Insurance Co., Appellant.

Opinion filed March 1, 1941.

CLIFFORD GREVE, of St. Louis, Mo., and JESSE R. BROWN, of Edwardsville, for appellant.

WILLIAM C. DUNHAM, PHILIP G. LISTEMAN and JOSIAH WHITNEL, all of East St. Louis, for appellee; WHITNEL, BROWNING, LISTEMAN & WALKER and OEHMKE & DUNHAM, both of East St. Louis, of counsel.

MR. JUSTICE CULBERTSON delivered the opinion of the court.

This is an appeal from a judgment of the circuit court of Madison county, Illinois, in the sum of $992.45, entered in favor of Herschel Wilson, appellee (hereinafter called plaintiff), and against Glens Falls Insurance Company, a corporation, appellant (hereinafter called defendant).

Plaintiff was the owner of a White motor tractor which he insured against accidental damage in defendant company and while so insured on June 16, 1939, the tractor was wrecked. The accident was reported and proof of loss filed, and on July 21, 1939, defendant's adjuster, Mr. Neil Wood, of St. Louis, Missouri, and plaintiff agreed upon the sum of $950 to be paid plaintiff in settlement of said loss. Plaintiff contended that said sum had not been paid to him and sued on the contract of settlement. Defendant contends in

this case that it has paid to the plaintiff any and all sums that it may have owed the plaintiff by executing a draft made payable to the plaintiff, and delivering same to the agent of the plaintiff at the plaintiff's last-known address, which address was the address used by the plaintiff as his usual place of business to which all previous correspondence between the defendant and the plaintiff had been addressed, and that this draft or check was paid by the bank on which same was drawn, which thereby released the defendant from any and all liability, and if there is any liability to the plaintiff it was upon the part of the bank or banks so honoring said check and the parties receiving the funds from said draft or check.

Plaintiff testified on the trial of this case that during the year 1938 he was the owner of a White tractor, motor number 2009 and that said tractor was insured against loss or damage on account of accident or collision with defendant company and that on or about June 19, 1939, the tractor was damaged as the result of a wreck that occurred between O'Fallon and Carlyle on route 50. Plaintiff further testified that he reported the damage to the defendant company by reporting it to the Insurers Service acting as agent for said defendant company. Plaintiff further testified that as a result of the report a form designated "Automobile Proof Sworn Statement in Proof of Loss" was given to him. A photostatic copy of this proof of loss was produced on the trial and admitted in evidence without objection as plaintiff's exhibit "1." This proof of loss set forth the whole loss as $1,050 and after giving credit for the $100 deductible provision in the policy the amount claimed was $950. Plaintiff further testified that he dealt with a Mr. Neil Wood, an agent of and representing the Glens Falls Insurance Company relative to the settlement of the amount of his loss and that he reached an agreement with Mr. Wood relative to the amount of this loss and that the

amount agreed upon as the loss was $1,050 and after giving credit to the $100 deductible provision of the policy that he was to receive $950 from the defendant company in payment of the loss and that the agreement was reached on July 21, 1939 and that he has never been paid anything on account of the loss or any interest on the sum of $950.

Plaintiff on cross-examination testified that he reported the accident to Mr. Werner of the Insurers Service Corporation because he had placed the insurance.

At the close of plaintiff's evidence the defendant offered a motion for a directed verdict and same was refused by the court and we hold properly refused.

Mr. Neil Wood called as a witness for the defendant testified among other things that he is an attorney with offices in the Pierce Building in St. Louis and that he represented the defendant company in connection with the loss out of which this litigation arises and that the loss was referred to his office by Mr. Werner of the Insurers Service Corporation. That he contacted the plaintiff herein at Collinsville, Illinois, and told plaintiff he would send some one over from Borbein Young to make the inspection of the equipment and in that way determine the extent of the damages and in the interim for plaintiff to determine in his own mind about what would be a reasonable and fair settlement. He testified plaintiff told him he could reach him in Collinsville or in the 4000 block on North Main street, St. Louis. This witness further testified that after the statement of loss or damage was received, signed, notarized, and witnessed by the plaintiff herein it was sent through the regular channels to the home office of the company. A photostatic copy of the draft issued by the defendant herein was offered in evidence by defendant herein but objection thereto was made on the ground that the original of said draft would be the best evidence. The court very properly in our

opinion sustained the objection. Mr. Elmer L. Werner testified in behalf of the defendant herein and stated among other things that he was in the insurance business with the Insurers Service Corporation and was president thereof. He recalled having placed plaintiff's insurance here in controversy with the defendant herein. He further testified that the defendant herein delivered to his office a draft in the amount of $950 and that upon the receipt thereof he wrote a letter and notice of transmittal to which he attached the draft and sent it to plaintiff at 4070 North Main street, St. Louis. Other testimony was received, a discussion of which we do not consider necessary to this opinion. At four o'clock in the afternoon counsel for defendant asked that the trial of the case be suspended until the following morning for the presentation of further evidence and particularly that they might in the interim secure the original draft from New York by which they make claim this loss had been paid to plaintiff. What further evidence they proposed introducing this record does not disclose and an examination of the photostatic copy of the draft in controversy shows that it does not bear the indorsement of the plaintiff. There does appear indorsed thereon, however, among other indorsements the following:

"Herschel Wilson (typed)
Armentrout & Farrell, Trustees."

This record does not show any right of Armentrout & Farrell to have indorsed the plaintiff's name on said draft either as individuals or as trustees. This case had been specially set for trial for several weeks. Counsel had had an abundance of time to prepare for trial. This case was heard by an able and experienced trial judge and we hold that he did not abuse his discretion in denying defendant further time to present evidence. This has been assigned as error and we hereby expressly hold that it was not error. Defend-

ant offered no further evidence and rested. Defendant requested the court to instruct the jury to find the issues in favor of the defendant but the court refused so to do. The plaintiff requested the court to instruct the jury to find the issues in favor of the plaintiff and the court did so and there was returned the following verdict, "We, the Jury, find the issues in favor of the plaintiff and assess the plaintiff's damages at the sum of $992.45." Judgment was entered on the verdict. A motion for a new trial was filed, argued and denied. In addition to the assigned errors already disposed of in this opinion it is urged that the court erred in refusing to admit in evidence defendant's exhibits 2, 3, 5, and 6. We think all of said exhibits were properly denied admission in evidence. It is also urged as error that the cross-examination of defendant's witness Mr. Neil Wood was permitted to be more extensive than should have been permitted. We fail to see how defendant was in anywise prejudiced by this cross-examination.

Did the court commit error in directing a verdict for the plaintiff? As we give consideration to that ruling and give consideration to defendant's evidence it must be considered in its most favorable light to it, together with all the inferences in its favor which can be legitimately drawn therefrom (*Brophy v. Illinois Steel Co.*, 242 Ill. 55; *O'Leary v. Chicago City R. Co.*, 235 Ill. 187). The question of the weight of the evidence cannot be considered (*Kelly v. Chicago City R. Co.*, 283 Ill. 640). We are persuaded however and so hold that no evidence was produced by the defendant in this case that in any way constituted a defense and we hold that the trial court very properly directed a verdict for the plaintiff.

There being no reversible error in this record the judgment of the circuit court of Madison county, Illinois, is hereby affirmed.

*Judgment affirmed.*