MOLLY BLOCK, Plaintiff-Appellee, *v.* MICHAEL REESE HOSPITAL AND MEDICAL CENTER, Defendant-Appellant.

First District (1st Division)    No. 80-2077

Opinion filed February 17, 1981.

Lord, Bissell & Brook, of Chicago (Harold L. Jacobson, Hugh C. Griffin, and David J. Slawkowski, of counsel), for appellant.

A. Mark Ialongo, of Chicago (Fred Lambruschi, of counsel), for appellee.

Mr. JUSTICE CAMPBELL delivered the opinion of the court:

This is an appeal from an order of the circuit court of Cook County granting the plaintiff, Molly Block's motion for a directed verdict regarding the liability of the defendant, Michael Reese Hospital (hereinafter called the Hospital). Said plaintiff fell while she was an in-patient at the Hospital. The fall was the basis of a damage suit for negligence against the

Hospital. Plaintiff's motion was entered and granted at the close of the evidence, during a jury trial.

The issue presented for review is whether the trial court erred in granting plaintiff's motion for a directed verdict on the issues of the Hospital's negligence and the plaintiff's freedom from contributory negligence.

On May 30, 1977, the plaintiff, who was 87 years of age, was admitted to the Hospital for gastro-intestinal pain. On June 11, she was scheduled for a barium enema and pneumo-colon study, including X rays. Because of the scheduled X rays, she had been on a liquid diet for the preceding 48 hours. On the morning of June 11, the plaintiff did not eat any breakfast, and at about 10:30 a.m. a man came up to her room and took her to the X-ray department. After her tests the plaintiff was taken back in a wheelchair to the floor of the building where her room was located.

The plaintiff testified that the man stopped at the floor nurses' station and took the wheelchair away, leaving her standing unattended at the corner of the nurses' station. She then became dizzy and blanked out, causing her to fall.

An assistant nurse at the Hospital testified that she saw the accident happen. According to her, the plaintiff was not standing at the nurses' station, but was sitting in a chair in the solarium, across the hallway from the nurses' station. The witness saw the plaintiff get up from her chair, take a few steps and then suddenly fall to the floor.

Another nurse, and Hospital employee, testified that it was the rule and regulation of the Hospital to have an escort service not only pick up patients in their room but also to have the escort service take patients from their tests to the nurses' station, and let the service clerk at the nurses' station know that the patient is back, and then put the patient back in her room with a nurse. The escort is supposed to wait with the patient at the nurses' station until the patient is taken to her room for the patient's convenience and safety.

At the close of all the evidence the trial court entered a directed verdict against the Hospital on the issue of liability and submitted only the issue of damages to the jury. The jury returned a verdict of $30,816, from which the Hospital appeals.

The defendant claims the issues of negligence and contributory negligence were for the jury to decide, and the trial court erred in granting plaintiff's motion for a directed verdict on said issues.

■■ In *Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 229 N.E.2d 504, the court considered the question of whether the evidence presented any factual issues for the jury to decide, and, at page 510, stated:

"In our judgment verdicts ought to be directed * * * only in those cases in which all of the evidence, when viewed in its aspect most favorable to the opponent, so overwhelmingly favors the movant that no contrary verdict based on that evidence could ever stand."

Thus, in passing on the propriety of a directed verdict for a plaintiff, the courts of review must consider the defendant's evidence in its most favorable light together with all the inferences in its favor which can be legitimately drawn therefrom (see *Wilson v. Glen Falls Insurance Co.* (1941), 309 Ill. App. 286; 32 N.E.2d 961). However, it is proper to direct a verdict for the plaintiff on the issue of liability at the close of all the evidence when the plaintiff has made a case and there is no evidence contradicting or tending to contradict plaintiff's evidence on that issue (*Sughero v. Jewel Tea Co.* (1966), 66 Ill. App. 2d 353, 214 N.E.2d 512, *aff'd* (1967), 37 Ill. 2d 240, 226 N.E.2d 28). This is so, just as it is required to grant plaintiff's motion notwithstanding the jury's verdict for defendant when "the evidence indicates that defendant was negligent as a matter of law and plaintiff was free from contributory negligence as a matter of law." (*Hicks v. Donoho* (1979), 79 Ill. App. 3d 541, 399 N.E.2d 138.) As stated by the court in *Hadden v. Fifer* (1949), 339 Ill. App. 287, 291-92, 89 N.E.2d 854, "[t]he question presented by a plaintiff's motion for a directed verdict in an action at law is whether there is any evidence fairly tending to prove a defense to the cause of action * * *."

The plaintiff's amended complaint charges that the Hospital had a duty under the law to exercise reasonable care for the condition of well-being and safety of the plaintiff while in and confined to the Hospital. The duty of care owed by hospitals to their in-patients has been commented upon by the Illinois Supreme Court in *Darling v. Charleston Community Memorial Hospital* (1965), 33 Ill. 2d 326, 332, 211 N.E.2d 253, as follows:

"* * * Present-day hospitals, as their manner of operation plainly demonstrates, do far more than furnish facilities for treatment. They regularly employ on a salary basis a large staff of physicians, nurses and interns, as well as administrative and manual workers, and they charge patients for medical care and treatment, collecting for such services, if necessary, by legal action. Certainly, the person who avails himself of 'hospital facilities' expects that the hospital will attempt to cure him, not that its nurses or other employees will act on their own responsibility * * *."

In the case at bar the escort was to stay at the nurses' station by the Hospital's own rules, which were for the convenience and safety of the patients. Although it is clear that in Illinois, hospital regulations and standards do not conclusively determine the standard of care owed (see

*Darling*), an examination of the facts in the case at bar reveals the Hospital did have a duty to safely return the plaintiff to her room. It is uncontradicted that the plaintiff, at age 87, had 48 hours of clear liquids before the occurrence as she did not have solid foods for 48 hours before her tests. In addition, she had no breakfast on the day of the occurrence. After her tests the plaintiff was taken back in a wheelchair, dropped off and left unattended at the nurses' station, on the floor where her room was located, where she fell.

■■ The duty owed by the Hospital to the plaintiff was to act reasonably in returning the plaintiff to her room after her testing. The record reflects competent evidence that the Hospital failed in this duty.

In granting the plaintiff's motion for a directed verdict the trial court pointed out that the record is silent regarding the escort service, as to who brought her back, if in fact they did bring her back. A review of the record reveals this to be true. The Hospital could have called the person who escorted the plaintiff to the tests, the service clerk who assisted, or a nurse at the nurses' station who may have assisted. The Hospital, however, failed to present any of these possible witnesses.

The record is conflicting insofar as whether the plaintiff was left standing or was seated in a chair when left by the escort service. The Hospital argues that, viewing this evidence in its aspect most favorable to it, the jury could have returned a verdict contrary to the directed verdict. However, as the trial court pointed out, even if the plaintiff fell while getting out of a chair, the Hospital still owed her the duty to act reasonably in returning her to her room after the testing, when the circumstances of the situation are considered, including the plaintiff's age, her condition of ill-being and her not having taken any solid foods for 48 hours. Looking at all of the testimony concerning the circumstances surrounding plaintiff's accident, plaintiff proved a prima facie case against the Hospital. It is proper for a court to direct a verdict for the plaintiff on the issue of liability at the close of all the evidence when the plaintiff has made out a prima facie case and the defendant fails to present sufficient evidence to support his defense. See *Biggerstaff v. Estate of Nevin* (1954), 2 Ill. App. 2d 462, 119 N.E.2d 826.

■■ In view of the lack of evidence tending to show contributory negligence and considering the evidence presented which showed that the Hospital owed the plaintiff a duty to return her to her room, the Hospital was obliged to present evidence tending to prove a defense to the cause of action (see *Hadden*; *Biggerstaff*). Having failed to raise any such defense and having failed to show any reason why the Hospital should not be held to a duty to act reasonably in returning the plaintiff to her room after her testing, we conclude that, under the facts of this case, the trial court properly granted plaintiff's motion for a directed verdict.

For the above and foregoing reasons the judgment of the circuit court of Cook County is hereby affirmed.

Affirmed.

GOLDBERG, P. J., and O'CONNOR, J., concur.