ANNA SZARAT, Plaintiff-Appellant, *v.* THE CITY OF CHICAGO, Defendant-Appellee.

First District (5th Division)    No. 82—1777

Opinion filed September 9, 1983.

Frank M. Bonifacic and Lawrence T. Stanner, both of Madigan, Stanner, Kahn, Bonifacic & Getzendanner, of Chicago, for appellant.

Stanley Garber, Corporation Counsel, of Chicago (Jerome A. Siegan and Cheryl L. Smalling, Assistant Corporation Counsel, of counsel), for appellee.

PRESIDING JUSTICE WILSON delivered the opinion of the court:

Plaintiff brought suit against the city of Chicago for injuries suffered from a fall on a city sidewalk. The jury found for plaintiff and against defendant on the issue of liability, assessing the total amount of damages suffered by plaintiff as a proximate result of the occur-

rence to be $20,000, then reduced that amount to $5,000 actual recoverable damages pursuant to a finding that plaintiff was 75% contributorily negligent. Plaintiff appeals the award of damages, contending that: (1) the trial court erred in denying plaintiff's motion for a directed verdict on the issue of contributory negligence; (2) assuming arguendo that the issue of contributory negligence was properly submitted to the jury, the jury's finding that plaintiff was 75% contributorily negligent was against the manifest weight of the evidence; (3) the trial court erred in submitting erroneous and confusing jury instructions on the issue of comparative negligence; and (4) defendant's reference during closing argument to a nonappearing occurrence witness was improper and prejudicial to plaintiff. For the following reasons, we reverse the judgment of the trial court as to plaintiff's contributory negligence and remand the cause with directions that the trial court enter judgment in the full amount of the jury's award of damages.

On April 7, 1980, plaintiff refiled her negligence action against the city of Chicago which had been previously dismissed without prejudice. Thereafter, on December 1, 1981, pursuant to the Illinois supreme court's adoption of the comparative negligence doctrine (*Alvis v. Ribar* (1981), 85 Ill. 2d 1, 421 N.E.2d 886), defendant filed the following "affirmative defenses," alleging plaintiff's contributory negligence:

(a) Plaintiff carelessly and negligently failed to look when she should have looked and seen that which was within her range of vision;

(b) Plaintiff carelessly and negligently walked upon an area which she should have known, in the exercise of due care, would cause her some danger;

(c) Plaintiff carelessly and negligently walked upon an area which she knew or should have known, in the exercise of due care, presented some danger to her when she could have used another area which presented no danger to a reasonably prudent person;

(d) Plaintiff carelessly and negligently failed to avoid the area which she, in the exercise of due care, should have avoided;

(e) Plaintiff carelessly and negligently failed to anticipate a danger to herself when she knew or should have known, in the exercise of due care, that a danger existed.

At trial, plaintiff, age 72, testified that on February 11, 1972, approximately 2:30 p.m., she and a neighbor, Albina Bavasik, were walking to a nearby grocery store in Chicago when plaintiff's "right

foot got caught in the sidewalk" in front of 6608 South Kolin, causing her to fall face down on the sidewalk and injure her right shoulder. Bavasik and two neighborhood girls helped plaintiff to her feet and assisted her in walking back to her house. Plaintiff's son then drove her to the hospital.

Plaintiff described the day of the accident as sunny and bright. Although there was approximately an inch of snow over the ground from the previous night's snowfall, the ground was not slippery or icy. She was wearing a winter coat and rubber boots with low heels.

When shown photographs taken by her husband of the scene of the accident, plaintiff stated that they accurately portrayed the condition of the sidewalk on the day that she fell. Plaintiff thought that her husband took the photographs either the night of the accident or the next day. However, she was not sure because she had been in the hospital for 10 days following the accident and had not gone with him. She did not recall how he knew exactly where the accident had occurred. After being released from the hospital, plaintiff drove with her husband to the scene of the accident.

On cross-examination, plaintiff stated that although she has lived at 6733 South Kolin for approximately 32 years, she had never walked on the west side of Kolin, where the defective sidewalk was located, until the day of the accident. At the time of her fall, she was looking ahead, walking slowly, and talking with her neighbor. Plaintiff described the sidewalk defect as an elevation between slabs which at the time was obscured by the snow.

Plaintiff's husband, Henry Szarat, testified that although he had not witnessed the accident, he obtained the address of the occurrence from a police report at the hospital and went to the scene immediately upon leaving the hospital on the night of the occurrence. Szarat identified the photographs he had taken of the sidewalk and the building at 6608 South Kolin, stating that he had taken the photographs "a couple of months later," and that, except for the lack of snow in the photographs, they accurately portrayed the condition of the sidewalk as it was on the night of the accident.

On cross-examination, Szarat testified that when he inspected the scene of the accident on the night of the occurrence, there was a light dusting of snow on the sidewalk. The temperature was in the 30's and the snow was melting. Szarat further stated that the sidewalk was sloped approximately 2½ inches, but had no holes.

Next, Jeanne Benz, plaintiff's neighbor, testified as a condition witness on plaintiff's behalf. Benz did not know plaintiff, nor had she witnessed the accident. However, Benz was able to identify the photo-

graphs taken by plaintiff's husband of the accident scene as accurately portraying the condition of the sidewalk at the time of the accident. Further, Benz stated that the sidewalk had been in that condition since the late 60's.

At the close of plaintiff's evidence, defendant moved for a directed verdict which the court denied. Thereafter, without putting on any witnesses or presenting evidence of any kind, defendant rested its case. Plaintiff then moved for a directed verdict on the issue of contributory negligence, stating:

> "Defendant has rested. He has put on no evidence whatsoever as to possible contributory negligence. He has not made it an issue before this Court or before the jury, and even on the basis of circumstantial evidence of fail [*sic*] to believe the plaintiff. The only testimony we have here is it was a defect in the sidewalk covered by snow which the plaintiff could not see. The issue of contributory negligence has not been raised. It is not before the Court and at this time, I believe the plaintiff is entitled to a directed finding on the issue of contributory negligence."

In response, defendant argued that: (1) plaintiff did not know what caused her to fall because the sidewalk was covered with snow and there was no opportunity for her to see underneath the snow; and (2) in her original notice, plaintiff stated that she fell into a hole, then later altered that statement to indicate that she had tripped over an uneven sidewalk. At this point, the trial court interrupted defense counsel and stated:

> "Well, before you get any further, I find that there is sufficient evidence to go to the jury with respect to whether or not the plaintiff was free from contributory negligence so the motion for directed verdict with respect to that is denied."

Thereafter, a discussion regarding jury instructions commenced in chambers, after which closing arguments ensued. Subsequently, the jury returned with its verdict for plaintiff and against defendant on the issue of liability, assessing the total amount of damages at $20,000, then reducing that amount to $5,000 as a result of its finding that plaintiff was contributorily negligent. Upon denial of all post-trial relief, plaintiff filed her timely appeal on the issue of damages.

OPINION

■■ ■ We shall first address plaintiff's contention that she was entitled to a directed verdict on the issue of her contributory negligence on the ground that no evidence whatsoever was presented at trial tending to prove that plaintiff was in any way negligent.

It is well established in Illinois that verdicts are to be directed and judgments *n.o.v.* entered only in those cases in which all of the evidence, when viewed in its aspect most favorable to the opponent, so overwhelmingly favors movant that no contrary verdict based on the evidence could ever stand. (*Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 510, 229 N.E.2d 504.) Thus, in passing on the propriety of a directed verdict for a plaintiff, as in the case at bar, courts of review must consider the defendant's evidence in its most favorable light together with all the inferences in its favor which can be legitimately drawn therefrom. (*Block v. Michael Reese Hospital & Medical Center* (1981), 93 Ill. App. 3d 578, 580, 417 N.E.2d 724, 726.) However, it is proper to direct a verdict for plaintiff at the close of all evidence when the plaintiff has made a case and there is no evidence contradicting or tending to contradict plaintiff's evidence on that issue. *Sughero v. Jewel Tea Co.* (1966), 66 Ill. App. 2d 353, 360, 214 N.E.2d 512, *aff'd* (1967), 37 Ill. 2d 240, 226 N.E.2d 28.

In the case at bar, defendant originally alleged five acts of negligence committed by plaintiff as grounds for diminution of damages under the comparative negligence doctrine. Upon plaintiff's motion, the trial court rejected four of the five allegations on the ground that no evidence regarding those four had been introduced. Thus, only the following allegation of contributory negligence remained to be considered by the jury: "[plaintiff c]arelessly and negligently failed to look when she should have looked and seen that which was within her vision." Thus, in analyzing the evidence for a determination as to whether a directed verdict should have been granted on the question of contributory negligence, we need only address ourselves to that which concerns plaintiff's failure to look.

Upon review of the record, it appears that plaintiff's failure to look was never even a relevant issue in this case because both parties agree that even if she had looked, plaintiff could not have seen the defect because it was obscured by snow. For example, during the jury instructions conference, defendant admitted that plaintiff had no opportunity to see the defect in the sidewalk. To wit, defendant argued:

> "Well, the statement of the plaintiff herself indicates that she didn't know what caused her to fall. All she knew was that she fell on the sidewalk. She never saw the sidewalk. She only saw snow. The only defect she was aware of is the one that her husband pointed out to her after she came out of the hospital.
>
> She admitted there was over an inch of snow on the sidewalk, covering the sidewalk so that there was no opportunity for her to see what was underneath that."

■ We conclude that defendant's acquiescence to plaintiff's testimony coupled with defendant's express admission during oral argument that no evidence of plaintiff's contributory negligence was presented at trial so overwhelmingly favors plaintiff's motion for a directed verdict on the issue of contributory negligence that no contrary verdict could reasonably stand. Therefore, we find that the trial court erred in denying plaintiff's motion for a directed verdict on the issue of contributory negligence.

Accordingly, we note that the discrepancies in testimony which defendant raised in its brief refer solely to the question of liability, an issue not raised on appeal. Defendant's confusion of the issues is evidenced by its statement that "[b]ecause the evidence in this case was conflicting, a directed verdict was not warranted." It is clear that there was no evidence presented as to plaintiff's contributory negligence.

Our decision that the trial court erred in not directing a verdict in favor of plaintiff on the issue of her contributory negligence obviates the need to discuss plaintiff's alternative argument that the jury's finding that plaintiff was 75% contributorily negligent was against the manifest weight of the evidence or her argument that the court submitted erroneous and misleading jury instructions on the issue of comparative negligence. Further, because plaintiff's contention regarding prejudicial comments made during defendant's closing argument concerns only the question of liability, which is not at issue on this appeal, we purposely refrain from addressing that argument on the ground that it is irrelevant.

For the reasons stated, we reverse the judgment of the circuit court of Cook County as to plaintiff's contributory negligence and remand with directions that the trial court enter judgment in the full amount of the jury's award of damages.

Reversed and remanded with directions.

LORENZ and SULLIVAN, JJ., concur.