**Wayne D. SELLERS and Peggy S. Sellers, Plaintiffs-Appellants,**

v.

**Dr. Walter P. BAISIER, St. John's Hospital and Dr. Choon Bong Choi, Defendants-Appellees.**

**No. 85–1967.**

United States Court of Appeals, Seventh Circuit.

Argued Feb. 26, 1986.

Decided June 9, 1986.

Paul J. Bargiel, Chicago, Ill., for plaintiffs-appellants.

Jeffrey Glass, Wagner, Bertrand, Bauman & Schmieder, Belleville, Ill., for defendants-appellees.

Before BAUER and POSNER, Circuit Judges, and FAIRCHILD, Senior Circuit Judge.

BAUER, Circuit Judge.

A jury found in favor of the defendant in this medical malpractice action for an inju-

ry plaintiff sustained while being treated after an automobile accident. Plaintiff contends on appeal that the trial judge erred in denying his motion for judgment n.o.v. or a new trial and improperly refused to give certain jury instructions. We affirm the trial court's rulings.

## I.

On July 9, 1980, Wayne D. Sellers was seriously injured in a one car accident and was taken by ambulance to St. John's Hospital in Springfield, Illinois. Upon his arrival at the hospital, Sellers was assigned to a "trauma team" headed by a general surgeon. The general surgeon summoned Dr. Walter P. Baisier, an orthopedic surgeon, because Sellers had suffered, among numerous other injuries, a fracture dislocation of his left shoulder and a comminuted fracture of his right femur. Dr. Baisier performed surgery on Seller's femur, utilizing a procedure referred to as intramedullary nailing. This procedure involves placing a rod or pin known as a Küntscher nail into the medular cavity of the bone. The Küntscher nail extended the entire length of the femur.

After surgery, which appeared to Dr. Baisier to have been successful, Seller's right leg began to thrash about spontaneously due to a condition known as decerebrate rigidity. When Dr. Baisier became aware of this, he placed the leg in traction and a splint to prevent it from moving. Seller's leg, however, was permanently shortened some three and one-half inches due to the thrashing about. Sellers brought this action against Dr. Baisier for medical malpractice, alleging that Dr. Baisier's failure to anticipate that Sellers's leg would thrash about after surgery and apply traction to immobilize the leg did not comport with the proper standard of medical care.

## II.

Sellers first contends that the trial court erred in denying his motion for judgment n.o.v. or a new trial because the evidence of medical malpractice was "overwhelming and uncontroverted." We first note that in this diversity case Illinois law governs both the medical malpractice claim and our standard of review of the trial judge's denial of the motion for judgment n.o.v. *See Dickerson v. Amax, Inc.*, 739 F.2d 270, 272 (7th Cir.1984). Under Illinois law, a plaintiff in a medical malpractice case "must establish the standards of care against which the defendant doctor's conduct is measured" through expert testimony. *Borowski v. Von Solbrig*, 60 Ill.2d 418, 328 N.E.2d 301, 304–05 (1975). Whether the doctor deviated from the proper standard of care is a question of fact to be decided by the jury. *Id.* 328 N.E.2d at 305.

At trial, Sellers presented Dr. Richard Gardner of Ft. Meyers, Florida as his expert witness. Sellers proffered Dr. Gardner's deposition testimony that Dr. Baisier deviated from the proper standard of care in treating Sellers's leg. Dr. Baisier presented Dr. Earl Holt of St. Louis, Missouri as his expert, and Dr. Holt testified that Dr. Baisier's medical treatment of Sellers was acceptable. Three other doctors testified as to their opinions of the medical care Sellers received: Dr. John A. Gragnini, who later treated Sellers in a St. Louis hospital; Dr. Walter Barringer, who testified on behalf of Dr. Choon Bong Choi, a co-defendant in this case; and Dr. Baisier himself.

None of the doctors disputed that the shortening of Sellers's leg was caused by it thrashing about after surgery. Contrary to Sellers's assertion on appeal, however, the testimony of these doctors is conflicting, not uncontroverted, as to whether Dr. Baisier was negligent in failing to immediately immobilize the leg. Nor is the testimony in favor of Sellers overwhelming; only Dr. Gardner testified that Dr. Baisier was negligent, and he did not personally examine Sellers or the hospital records, but based his opinion on a nurse's summary of the hospital records. The parties dispute the import of Dr. Barringer's testimony, and the testimony of the other doctors favored Dr. Baisier. The jury evaluated all

of this testimony and found in favor of Dr. Baisier.

Under Illinois law, a trial court may grant a motion for judgment n.o.v. only "in those cases in which all of the evidence, when viewed in its aspect most favorable to the opponent, so overwhelmingly favors [the] movant that no contrary verdict based on the evidence could ever stand." *Szarat v. City of Chicago,* 117 Ill.App.3d 809, 73 Ill.Dec. 324, 454 N.E.2d 68, 71 (1983). We find that the trial judge properly applied this standard in denying Sellers's motion for judgment n.o.v. Sellers's argument on appeal construes only the evidence most favorable to his case and ignores the expert testimony that Dr. Baisier's medical care of Sellers was acceptable. Dr. Baisier's medical expert was well-qualified and provided the jury a sufficient basis upon which to base its verdict.

We further find that the trial judge properly denied Sellers's motion for a new trial. A trial court has broad discretion in ruling on motions for a new trial and will be reversed only when exceptional circumstances show a clear abuse of discretion. *General Foam Fabricators v. Tenneco Chemicals, Inc.,* 695 F.2d 281, 288 (7th Cir.1982). We find nothing exceptional in the fact that the jury weighed conflicting evidence and decided in favor of Dr. Baisier. Therefore, we affirm the trial court's denial of the motion for a new trial.

### III.

Sellers further contends that the trial court failed to properly instruct the jury. Specifically, Sellers asserts that the trial court erred in refusing to read to the jury Illinois Pattern Jury Instructions 12.04 (concurrent negligence), 12.05 (intervention of an outside cause), and 15.01 (proximate cause when there are concurrent or contributing causes). We find that the trial court did not err in refusing to instruct the jury on these legal principles.

In *Gertz v. Campbell,* 55 Ill.2d 84, 302 N.E.2d 40 (1973), the plaintiff was injured in an automobile accident and alleged that he would have fully recuperated if he had received proper medical treatment after the accident. Plaintiff further alleged that because of the doctor's negligent treatment of his injury, his lower leg became necrotic and had to be amputated. The Illinois Supreme Court held that the driver of the automobile and the treating doctor were not joint tortfeasors because their allegedly wrongful conduct and the resulting injuries sustained by the plaintiff occurred separately and independently, not through the driver and doctor acting "in concert." *Gertz,* 302 N.E.2d at 43. Therefore, the *Gertz* court ruled that the treating doctor could not be held liable for the negligence of the driver. *Id.*

As in *Gertz,* Dr. Baisier and the driver in this case are not joint tortfeasors because, as Sellers states in his brief, "the damages [to his leg] and the responsibility for them were distinct." Sellers complains that the jury was not instructed on "how to deal with" the automobile accident that resulted in the comminuted fracture of his leg, but the liability and damages for this injury were not at issue in the case. The parties' presentation of the case clearly framed the issues as whether Dr. Baisier was negligent in failing to immobilize the leg immediately after surgery and whether the leg did not heal properly because it was thrashing about after surgery. In deciding these issues, the jury was called upon to examine only Dr. Baisier's conduct, and to consider whether this conduct resulted in the shortening of Sellers's leg. We therefore fail to see how the principle of concurrent negligence applies to this case. Similarly, because the parties did not dispute that the sole cause of the shortening of the leg was its thrashing about after surgery, we fail to see the relevance of the instructions on intervening and concurrent cause. *See, e.g., Borowski v. Von Solbrig,* 60 Ill.2d 418, 328 N.E.2d 301, 308–09 (1975) (IPI 15.01 improperly given in similar circumstances). We therefore find that the trial judge properly refused to issue these instructions to the jury.

## IV.

Finally, Sellers contends that the trial judge improperly bifurcated the issues of liability and damages at trial. First, Sellers asserts that by separating liability from damages, the jury was not able to fully separate the injuries Sellers sustained in the auto accident and the injury he sustained from Dr. Baisier's alleged negligence. As stated above, the injuries Sellers sustained in the auto accident were not at issue in the case, and this argument fails for the reasons just discussed. Second, Sellers asserts that a bifurcated trial was improper because the issues of liability and damages may not be separated in Illinois trial courts. Bifurcated trials are permissible in federal court under Federal Rule of Civil Procedure 42, however, and Rule 42 may be applied in diversity cases even though the state law employed to determine the substantive issues in the case prohibits bifurcated trials. *See Rosales v. Honda Motor Co.*, 726 F.2d 259, 262 (5th Cir.1984). We therefore reject Sellers's argument that a bifurcated trial was improper.

For the reasons stated above, the judgment in favor of Dr. Baisier is

AFFIRMED.